Lawrence JONES, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12811.

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1960.

42

Robert N. Woodard, Valdhe F. Pitman, Carrol Womack, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., James H. Mathers, Co. Atty., Coal Co., Tupelo, for defendant in error.

NIX, Judge.

This appeal is from a judgment of conviction and sentence of imprisonment in the state penitentiary. The defendant was charged by information with the crime of attempt to commit rape. Defendant waived preliminary hearing. He was bound over to stand trial in the District Court. He appeared for arraignment without counsel, entered a plea of guilty and was sent to a mental institution for thirty (30) days observation, and upon discharge from the Eastern State Hospital at Vinita was returned to court for imposition of the sentence. Before being sentenced the defendant filed a motion before the court for permission to withdraw his plea of guilty and enter in lieu thereof a plea of not guilty. After a hearing the motion was overruled and defendant sentenced to the state penitentiary for a period of two (2) years. The defendant served notice and appeals to this court contending that the court erred in overruling defendant's motion to withdraw his plea of guilty for the purpose of entering a plea of not guilty.

In support of this contention the defendant has filed in this court a copy of the record of the proceedings as follows:

"The Court: Do you desire to have one? (meaning an attorney)

"Mr. Jones: Well, Lavern, let me put it this way, I just don't know about it.

"The Court: It is the duty of the court to arraign you, do you desire an attorney at this state of the proceedings?

"Mr. Jones: No.

"The Court: Let me further advise you that you have a right to enter a plea of Not Guilty if you desire. In the event that you enter a plea of Not Guilty, it becomes the duty of the Court to assess an Appearance Bond in what-

ever amount the court feels would be necessary to guarantee your appearance at the next term of Court. Further, you have a right to a trial by Jury which would be composed of men, women or maybe both men and women. Then, you have a right to enter a plea of Guilty. If you enter a plea of Guilty, it becomes the duty of this Court to assess your punishment which may not exceed more than five (5) years in this case. The penalty may run from one (1) day to five (5) years. In addition to this, you have a right to request an additional twenty-four (24) hours within which to enter your plea. If you have not made up your mind at this time as to how you desire to plea, you may have this additional time within which to make up your mind. You are further advised in the event you are unable to secure the services of an attorney, the Court may appoint an attorney to represent you and he can be paid from the Court Fund. What is your desire? Do you desire to enter a plea at this time?

"Mr. Jones: Yes sir, I want to plead Guilty and I want you to send me somewhere to see what is wrong with me.

"The Court: Does the County Attorney have anything to say?

"Mr. Mathers: Your Honor, I think he should be sent somewhere for observation and since that is his desire, I would recommend that it be done.

"The Court: Now you are sure that you want to enter a plea of guilty at this time?

"Mr. Mathers: Now, you can have that additional twenty-four (24) hours to make up your mind.

"Mr. Jones: Oh, I'll plead Not Guilty, I guess.

"The Court: Now what do you want to do? Which plea do you want to make?

"Mr. Jones: I'll just plead Not Guilty.

"The Court: Let me make this observation: the Court is going to send you somewhere, Lawrence. You can enter a plea of Not Guilty or Guilty, whichever you desire, it doesn't make any difference. Now, if you enter a plea of Not Guilty, then after your period of observation at the hospital and a report has been made by the hospital, you can change your plea to Guilty if you want to and your sentence then will be preferred upon you. Now again, you may have an additional twenty-four (24) hours within which to make up your mind, what do you desire to do?

"Mr. Jones: I'll plead Guilty and you send me somewhere to see whats the matter with me.

"The Court: Does the County Attorney have anything further to say?

"Mr. Mathers: No sir.

"The Court: Let me talk to all of you here for a few minutes, off the record. (Discussion had with Defendant, County Attorney and Sheriff, Mr. Ralph Ridley.)

"The Court: Let the record show that the Defendant, in open court, after having the information read to him and being advised of his Constitutional Rights and advising the Court that he did not desire to have an attorney represent him, entered a plea of Guilty, with the request that he be committed to an Institution in the State of Oklahoma for observation and a report made to the Court subsequent to sentencing.

"The Court: Now you understand what you have done, do you? You have plead guilty and asked the Court to be sent to some place for observation until such time as a report can be made of their findings, do you understand that is what has been done?

"Mr. Jones: Yes sir.

"The Court: Let the record further show that the request of the Defendant is granted and that it is the Order

of the Court that the Defendant be committed, pursuant to Order of this Court, to the Eastern State Hospital, Vinita, Oklahoma, for observation for a period of thirty (30) days or less, if deemed sufficient by the staff at the Eastern State Hospital at Vinita. Let the record further show that the County Attorney acquiesced in the idea and felt that he should be committed for observation prior to sentencing."

Defendant was then committed to the Eastern State Hospital for thirty (30) days. The following report was forwarded to the trial judge:

"Dear Judge Fishel:

"We have completed our evaluation on the above named patient; he has been studied quite extensively including thorough physical and special neurosurgical examinations. He is now ready to be returned to your jurisdiction for administrative disposition.

"Mr. Jones is a lifelong inadequate individual who has always been rather impulsive and actually, due to various circumstances, his acting out has not been handled in any firm manner. He clearly is sane and legally responsible for his actions and definitely does not have an irresistible impulse; he is without psychosis and is of low-average intelligence. Extensive neurosurgical studies failed to reveal any damage that would have any bearing on legality of his standing trial or being responsible.

"Please return him to your custody as soon as conveniently possible.

Yours very truly,
"/s/ G. W. Kleinschmidt,
"G. W. Kleinschmidt, M.D.
"Clinical Director
"/s/ P. L. Hays
"P. L. Hays, M.D.
"Medical Superintendent"

Defendant was returned to the Coal County Jail on May 22, 1959. He filed a motion to withdraw his plea of guilty on May 26, 1959. A hearing was had on May 29, 1959; the motion was overruled and defendant sentenced to two (2) years in the state penitentiary.

Defense counsel argued in support of his motion to withdraw the plea that the defendant was confused, in a state of despondency, and inexperienced in court procedure at the time of his plea. That defendant was not guilty as charged and doubted if a conviction could be obtained by a jury of defendant's peers. Defense counsel further argued that there was doubt as to defendant's mental capacity to understand his acts and that the record of the proceedings indicated that defendant was confused and uncertain when the plea was being accepted, and pointed out that defendant repeated, "I just don't know, I guess."

A review of the proceedings during arraignment heretofore recited confirms the argument presented by defense counsel.

It is to be noted that when the court first inquired as to how defendant wished to plead, he stated:

"Well, Lavern, let me put it this way, I just don't know about it."

After the court explained to the defendant his statutory and constitutional rights, defendant stated:

"Yes, sir, I want to plead guilty and I want you to send me somewhere to see what is wrong with me."

This type plea could in no sense of the word be construed as compliance with 22 O.S.1951 § 515, where it is provided:

"The plea must be entered in substantially the following form:
"1. If the defendant plead guilty:
"The defendant pleads that he is guilty of the offense charged in this indictment or information."

The plea could not be considered certain, direct, or unequivocal. It was contingent upon being sent somewhere for observation.

The court again inquired of defendant as follows:

"Now you are sure that you want to enter a plea of guilty at this time."
Defendant replied:

"Oh, I'll plead not guilty."
The court then inquired:

"Now what do you want to do? Which plea do you want to make?"
Defendant answered:

"I'll just plead not guilty."

The court further advised the defendant as heretofore reflected by the minutes, including among others, the following statement:

"You can enter a plea of not guilty or guilty which ever you desire, it doesn't make any difference * * * If you enter a plea of guilty, then after your period of observation at the hospital and a report has been made by the hospital, *you can change your plea of guilty if you want to,* and your sentence will then be preferred upon you * * *." (Emphasis ours.)

Defendant then stated:

"I'll plead guilty and you send me somewhere to see what's the matter with me."

The aforesaid statement of the court may have prompted defendant's contingent guilty plea under a misapprehension. The court said "It makes no difference how you plead, guilty or not guilty * * * after observation you can change your plea of guilty if you want to * * *." The defendant could easily have assumed that he could likewise change his plea of guilty to not guilty. His plea was not in direct answer to the court's inquiry of his desire. It was contingent upon being sent somewhere for observation.

No doubt the learned judge was making every effort to be fair and bears a good record before this court in so being. However, it appears from the record that there was more than a casual acquaintance between the Judge and defendant. They referred to each other by the first name. The trial judge no doubt was attempting to be helpful to the defendant in his plight and in so doing was probably less formal than usual.

A review of the record leads this court to believe that justice would be best served if defendant was permitted to withdraw his guilty plea and enter a plea of not guilty so his cause may be tried before a jury of his peers if he so desires.

The judgment and sentence of the trial court is hereby set aside with instructions to grant defendant permission to withdraw his guilty plea.

POWELL, P. J., and BRETT, J., concur.